UNITED STATES of America,
Plaintiff-Appellee,

v.

Donnell Francis TIMLEY,
Defendant-Appellant.

No. 16-3366

United States Court of Appeals,
Tenth Circuit.

Filed April 21, 2017

James A. Brown, Office of the United States Attorney, District of Kansas, Topeka, KS, for Plaintiff-Appellee

Donnell Francis Timley, Pro Se

Before BRISCOE, HARTZ, and BACHARACH, Circuit Judges.

## ORDER DENYING A CERTIFICATE OF APPEALABILITY AND DISMISSING THE APPEAL

Robert E. Bacharach, Circuit Judge

Mr. Donnell Timley is a federal inmate who filed a motion to vacate his sentence under 28 U.S.C. § 2255. In the motion, Mr. Timley presented constitutional challenges to his sentence. The district court dismissed the § 2255 motion on two grounds: (1) It was untimely, and (2) Mr. Timley waived the right to collaterally attack his sentence.

Mr. Timley wants to appeal. To do so, he seeks a certificate of appealability and leave to proceed in forma pauperis. See 28 U.S.C. § 2253(c)(1)(B) (certificate of appealability), 1915(a)(1) (leave to proceed in forma pauperis).

We can issue a certificate of appealability only if the underlying rulings on timeliness and waiver were at least reasonably debatable. See Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007) (holding that when the district court denies a habeas petition based on timeliness, the court of appeals can issue a certificate of appealability only if the district court's ruling on timeliness is at least reasonably debatable).

In seeking a certificate of appealability, Mr. Timley reurges the merits of his underlying claims. But he does not address the timeliness of his § 2255 motion or say why he thinks the district court erred in finding a waiver through the plea agreement. Though Mr. Timley is pro se, we cannot craft arguments for him. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Because Mr. Timley does not question the district court's reasons for dismissing the § 2255 motion, we deny a certificate of appealability. As a result, we must dismiss the appeal. See 28 U.S.C. § 2253(c)(1)(B). And in the absence of a reasonably debatable appeal point, we deny Mr. Timley's request to proceed in forma pauperis. See 28 U.S.C. § 1915(a)(3); Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077, 1079 (10th Cir. 2007).